VERRERIES DE L'HERMITAGE, S.A., Appellant,

v.

HICKORY FURNITURE COMPANY, a North Carolina corporation, Appellee,

and

Schoolfield Industries, a subsidiary of Hickory Furniture Company, Inc., a Florida corporation, and Rupert Harwell Associates, Inc., a North Carolina corporation, Defendants.

No. 82–1352.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 11, 1983.

Decided April 6, 1983.

---

Philip Wittenberg, Sumter, S.C. (Oma H. Hester, Jr., Hickory, N.C., on brief), for appellant.

George D. Hovey, D. Steve Robbins, Hickory, N.C. (Hovey, Carter & Robbins, Hickory, N.C., on brief), for appellee.

Before WINTER, Chief Judge, ERVIN, Circuit Judge, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Verreries de L'Hermitage, S.A., appeals from a judgment dismissing its claim against Hickory Furniture Company for goods sold to one of Hickory's wholly-owned subsidiaries, Schoolfield Furniture Industries, Inc. Hermitage sought recovery against Hickory on the theory that Schoolfield was the alter ego or instrumentality of Hickory. Its principal assignment of error pertains to the court's instructions explaining the elements that it needed to prove to establish this theory. We vacate the judgment and remand for a new trial because we conclude that the charge to the jury and its supplement erroneously identified fraud as a requisite of Hermitage's basis of recovery.

In two recent cases, which were decided after the district court entered the judgment Hermitage appeals, we reiterated that a complainant who seeks to pierce the corporate veil need not prove "fraud or wrongdoing." *Cunningham v. Rendezvous, Inc.,* 699 F.2d 676, 680 (4th Cir.1983); *Federal Deposit Ins. Corp. v. Sea Pines Co.,* 692 F.2d 973, 976 (4th Cir.1982). In both cases, we also pointed out that *DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.,* 540 F.2d 681 (4th Cir.1976), explained the factors that should be considered when a corporate entity is challenged.

I

We agree with the district court that Hermitage introduced sufficient evidence to place its theory of recovery before the jury. The court aptly phrased the issue in a special interrogatory as follows: "Was Schoolfield Furniture Industries, Inc. the alter ego or instrumentality of Hickory Furniture Company at the time the goods were sold and delivered by Plaintiff to Schoolfield?"

Hermitage had not pleaded it was defrauded by either Hickory or Schoolfield, and it asked for an instruction defining the elements of its theory without mentioning fraud. The trial court rejected this request and instead told the jury that in order to find Schoolfield was an instrumentality of Hickory, the evidence must show Hickory controlled Schoolfield and used its control "to commit fraud or wrong, to perpetrate the violation of the Statute or other positive legal duty or a dishonest and unjust act in contravention of [Hermitage's] legal right...." The trial court then defined common law fraud and at the conclusion of its charge emphasized that "control, fraud, and proximate cause" were the three elements Hermitage was required to prove. Hermitage objected to the court's charge and requested an instruction that fraud was not a necessary element of its claim. The court overruled the objection and declined to modify its charge.

Later, the jury requested further explanation about the term "alter ego or instru-

mentality," and asked whether all three elements must be present. The court responded by telling them, among other things, that the "second element is fraud in determining whether or not a corporation is the alter ego of another," and it again defined common law fraud. It then told the jury: "The control and the fraud have to be the proximate cause of the injury."

We cannot accept Hickory's contention that the court's instructions left the jury free to find for Hermitage even if no fraud were shown. For reasons that are fully explained in *Cunningham v. Rendez-Vous, Inc.,* 699 F.2d 676 (4th Cir.1983), *Federal Deposit Ins. Corp. v. Sea Pines Co.,* 692 F.2d 973 (4th Cir.1982), and *DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.,* 540 F.2d 681 (4th Cir.1976), we conclude that the court placed too heavy a burden on Hermitage in its effort to obtain a judgment against Hickory. Accordingly, the judgment must be vacated and the case remanded for a new trial.

## II

The evidence was insufficient to support Hermitage's other three theories of liability, so we find no error in the district court's refusal to submit them to the jury. We also hold that the court did not err in excluding portions of Hickory's financial statements. Hermitage has failed to show how it was prejudiced by this ruling.

Hermitage's final assignment of error pertains to the trial court's exclusion of evidence about events occurring after Schoolfield ceased operation. Hermitage contends it should have been allowed to show that Schoolfield then became bankrupt and Hickory subsequently merged it with Chaircraft, Inc., another wholly-owned subsidiary. Hickory contends that what happened to Schoolfield after it received Hermitage's shipment is of no consequence.

We conclude that the district court unduly limited the admission of evidence pertaining to the relationship of Hickory and Schoolfield. It is, of course, true that Hermitage must prove Schoolfield was the instrumentality of Hickory at the time of their transaction. *See* 1 W. Fletcher, *Cyclopedia of the Law of Private Corporations,* § 43 at 209 (M. Wolf ed. 1974). But the time frame for the admission of evidence is not similarly limited. Events that depict the control of the parent over the subsidiary may be shown even though they occurred before or after the transactions in question. Thus the role Hickory played in Schoolfield's bankruptcy and subsequent merger with Chaircraft casts light on the nature and extent of control that Hickory exercised at the time Schoolfield dealt with Hermitage. *See* Fed.R.Evid. 402.

The judgment is vacated, and the case is remanded for further proceedings consistent with this opinion. Hermitage is entitled to its costs on appeal.